Lurton, J.,
delivered the opinion of the court:
1. The court is of opinion that the legal effect of the injunctions in this cause was not only to forbid the receipt of the income of the Coal Creek Mining & Manufacturing-Company, by its treasurer, Bulkley, but likewise to prevent such income from being distributed and paid out by said Bulkley, as dividends, among the stockholders of said company.
2. The court is of opinion that the collection of the royalties due to the defendant corporation by said Bulkley, after the injunction, was in direct violation thereof, and contempt of court.
3. The court is of opinion that no damages is shown to have resulted to the defendant corporation, which, under the circumstances of this casé, can be recovered. The injunction was disregarded by their officer and holder of a majority of their stock, and the income of the company received in their treasury, as usual, notwithstanding the injunction. Bulkley and the Coal Creek Mining Com *292 pany were alike in contempt by their receipt and collection of income pending injunction, while the company was, by the injunction, prohibited from distributing this income, as profits, among its shareholders; yet, under all the circumstances of this case, the corporation will not be suffered to recover damages for detention of fund in their own hands, and in their own treasury.
4. The conduct of Bulkley in receiving the income of the mining company in violation of the injunction, together with the fact that his proportions of some of his shares of dividends continued in his own hands at all times, and subject to his check, contrary to the spirit of the injunction, was such as, in the opinion of a majority of this court, to deprive him of the right to recover interest upon his own dividend, in his own hands, as damages for wrongfully suing out of injunction.
5. The remaining stockholders of said company who appealed from decree of the chancellor, are entitled to recover interest upon the amount of each dividend in their favor, so long as the same was detained in treasury of company after declaration of dividend by company. Interest will not be compounded, but simple interest calculated upon that part of each dividend declared after injunction, up to time of dissolution of injunction.
6. The costs of the reference in the court below, of this court, will be paid as follows: One-half by complainants, and remainder by mining company and Charles A. Bulk-ley.